OPINION
Defendant-appellant, Robert L. Hillman, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of one count of burglary in violation of R.C. 2911.12(A)(2), and one count of burglary in violation of R.C. 2911.12(A)(4). Because the evidence does not support burglary under R.C. 2911.12(A)(2), we reverse in part the judgment of the trial court.
On January 5, 2000, defendant was indicted on two counts of burglary. On May 12, 2000, the jury returned a guilty verdict on each count, and the trial court sentenced defendant accordingly. Defendant appeals, assigning the following errors:
 I. THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN THE CONVICTIONS AND THE CONVICTIONS WERE NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. MR. HILLMAN WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL IN VIOLATION OF HIS RIGHTS AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I § 10 OF THE OHIO CONSTITUTION.
 III. THE MISCONDUCT OF THE PROSECUTING ATTORNEY DENIED MR. HILLMAN A FAIR TRIAL AND DUE PROCESS OF LAW, PROTECTED BY THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, § 16 OF THE OHIO CONSTITUTION.
Defendant's first assignment of error contends (1) the evidence is insufficient to sustain the convictions, and (2) the convictions are against the manifest weight of the evidence. To the extent defendant challenges his conviction as not supported by sufficient evidence, we construe the evidence in favor of the prosecution and determine whether such evidence permits any rational trier of fact to find the essential elements of the offense beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259; State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387, unreported.
Under count one of the indictment, defendant was charged with violating R.C. 2911.12(A)(2), which required the prosecution to prove beyond a reasonable doubt that (1) defendant, by force, stealth, or deception trespassed in the property known as 2061 North Fourth Street, (2) the property in question was a permanent or temporary habitation of a person, (3) a person, other than an accomplice of the offender, was present or likely to be present, and (4) defendant's purpose was to commit a criminal offense inside the habitation. Here, the prosecution contended defendant's purpose was to commit the offense of theft. Count two of the indictment charged defendant with violating R.C. 2911.12(A)(4), which is identical to R.C. 2911.12(A)(2) except that it does not require the prosecution to prove defendant's purpose was to commit a criminal offense inside the habitation.
We first address defendant's first assignment of error in the context of his conviction under R.C. 2911.12(A)(4). According to the state's evidence, Bill Korting resided at 2061 North Fourth Street at the time of the offenses. On December 1, 1999, he heard the sound of glass breaking in the back of his house. The broken window led to the basement of the house. On the first floor at the time, Korting called 911 and then looked out a back window.
Korting observed an individual emerging from his basement. Korting described the individual as a partially bald, black male, wearing what appeared to be a leather jacket. The individual proceeded around to the front of the house. Korting tapped on a front window and signaled for the individual to return. The individual began approaching the house and at about the front steps, turned away and proceeded north on Fourth Street. Shortly thereafter, the police arrived at Korting's home and escorted Korting to view a suspect. Korting positively identified defendant as the person he observed at his house.
Korting's testimony was substantiated by the testimony of Frank Thompson, Korting's neighbor. Thompson observed an individual moving around Korting's house and attempting to enter the house through different means. Thompson called 911 and described the individual as a tall, thin black male wearing a brown jacket. Thompson accompanied Korting and the police to view the suspect the police had detained. At the viewing, Thompson positively identified defendant as the individual he observed at Korting's house.
Finally, Columbus Police Officer Donald Sowards testified he was dispatched to Korting's residence on December 1, 1999, in response to a reported burglary. While en route, a description of the perpetrator, as well as the perpetrator's last known direction, was broadcast over police radio. Sowards encountered defendant, who matched the general description. With the assistance of back-up, Sowards detained defendant, and both Korting and Thompson positively identified defendant as the perpetrator.
The noted testimony is sufficient to allow a reasonable trier of fact to find all the essential elements of R.C. 2911.12(A)(4) beyond a reasonable doubt. It placed defendant on the property and in the basement, established that defendant broke a window to gain access to the home and thus entered by force, and proved the property is the permanent home of Korting, who was home at the time.
Defendant's first assignment of error also alleges that his conviction under R.C. 2911.12(A)(4) is against the manifest weight of the evidence. When presented with a manifest weight argument, we engage in a limited weighing of the evidence to determine whether the jury's verdict is supported by sufficient competent, credible evidence to permit reasonable minds to find guilt beyond a reasonable doubt. State v. Thompkins
(1997), 78 Ohio St.3d 380 ("When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting evidence"). Conley, supra. Determinations of credibility and weight of the testimony remain within the province of the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230.
As noted, the prosecution presented the testimony of two individuals that observed the perpetrator at the time of the crime. Both witnesses reported the crime to 911. Both witnesses described the perpetrator in a substantially similar manner. Both witnesses positively identified defendant as the perpetrator within minutes of the crime. Both witnesses again identified defendant in court as the perpetrator.
The prosecution also presented testimony from Officer Rutter, who arrived as back-up to Officer Sowards. Rutter testified he detained defendant as a suspect shortly after the burglary occurred. Rutter described defendant as nervous and sweating, and his police report indicates defendant was arrested seven minutes after the 911 operator sent out the police dispatch.
To support his contention that the conviction is against the manifest weight of the evidence, defendant apparently relies on the fact that Korting did not describe the perpetrator's height or weight, and neither Korting nor Thompson indicated whether the perpetrator had facial hair. Moreover, defendant at trial attempted to challenge the eyewitness identifications because Korting and Thompson were together when they identified defendant in the alley, thereby suggesting the identifications were not reliable due to the influence of the two eyewitnesses on each other. At trial, defendant also pointed out that one officer described the suspect as wearing light pants while another described him as having dark pants. Finally, defendant noted that he was not running from the scene when approached by the police.
While the evidence defendant cited, if believed, may detract from the state's case, it is not so persuasive as to render defendant's conviction against the manifest weight of the evidence: despite some inconsistencies in describing defendant's appearance, the testimony of those who saw defendant and positively identified him supports the conviction. Defendant's R.C. 2911.12(A)(4) conviction was supported by sufficient competent, credible evidence to permit reasonable minds to find guilt beyond a reasonable doubt.
The remaining issue under defendant's first assignment of error relates to defendant's conviction for violating R.C. 2911.12(A)(2). Defendant asserts the state failed to introduce sufficient evidence to prove defendant's purpose was to commit a criminal offense inside the habitation.
Intent cannot normally, if ever, be demonstrated by direct testimony.State v. Huffman (1936), 131 Ohio St. 27. Because intent exists in a person's mind, it must be determined by the surrounding facts and circumstances. Id. This court has determined that "there is a reasonable inference that one who forcibly enters a dwelling * * * does so with the intent to commit a theft offense in the absence of circumstances giving rise to a different inference." State v. Flowers (1984),16 Ohio App.3d 313, 315, overruled on other grounds, State v. Fontes
(2000), 87 Ohio St.3d 527.
In Flowers, the defendant entered a basement level bedroom through a window. James Linderman and his girlfriend, Betty Weaver, were occupying the bedroom at the time. When Linderman asked what Flowers was doing, Flowers indicated he had dropped some money into the basement. Linderman told Flowers to leave, and went for assistance. When Flowers pulled the sheets down that had fully concealed Weaver, she screamed and Flowers left.
From these facts the court found "no reasonable inference that defendant's entry into the basement was for an innocent purpose." Id. at 315. Indeed, although Flowers said he had dropped some money, the court found it "highly improbable that he could have done so prior to his forcible entry into the basement," given the nature of the window by which Flowers entered the dwelling. Id. Because the circumstances did not give rise to a different inference, the court determined the evidence gave rise to a reasonable inference of intent to commit a theft offense. The court further noted that defendant's claim to be looking for money indicated that money was foremost on his mind and supported the conclusion that defendant intended to commit a theft offense.
The facts and circumstances here do not support the inference entertained in Flowers. Initially, nothing was taken from Korting's basement. Moreover, the evidence does not suggest defendant even searched for something of value. Indeed, Korting's testimony and the 911 audiotape indicate defendant was inside Korting's basement for less than fifteen seconds. Most significantly, defendant left of his own will with nothing taken from the house. Given defendant's brief tenure inside the basement, the lack of any evidence that defendant attempted to secure a thing of value for his own, and defendant's leaving the basement not as a result of confrontation as in Flowers but on his own accord, the evidence is insufficient to sustain defendant's R.C. 2911.12(A)(2) conviction. Indeed, if the inference applied in Flowers were strong enough to sustain defendant's conviction here, rare would be the circumstances when an R.C. 2911.12(A)(4) offense would not also be an R.C. 2911.12(A)(2) offense. In creating two distinct offenses, the legislature intended them to have two distinct applications.
Because insufficient evidence supports defendant's conviction under R.C. 2911.12(A)(2), his manifest weight of the evidence argument under R.C. 2911.12(A)(2) is moot. Defendant's first assignment of error is sustained as to the sufficiency of the evidence supporting his conviction under R.C. 2911.12(A)(2), and is overruled as to his conviction under R.C. 2911.12(A)(4).
Defendant's second assignment of error asserts he was denied effective assistance of counsel because his counsel failed to request a bill of particulars and failed to object to a certain statement during closing arguments.
To prevail on his claim of ineffective assistance of trial counsel, defendant must show that "counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance." State v. Reynolds (1988), 80 Ohio St.3d 670, 674, citingStrickland v. Washington (1984), 466 U.S. 668. A two-prong test is used to examine claims of ineffective assistance of counsel. In order to meetStrickland's first prong, defendant must show counsel's conduct was objectively deficient, producing evidence that counsel acted unreasonably. State v. Sallie (1998), 81 Ohio St.3d 673, 674. In order to meet Strickland's second prong, defendant must prove that but for counsel's errors, a reasonable probability exists that the result of the trial would be different. Sallie, supra.
Defendant contends that had defense counsel requested a bill of particulars, defendant would have known of the criminal intent element of R.C. 2911.12(A)(2), and would have been more fully able to prepare to offer evidence to the contrary. Any deficiency associated with defense counsel's failure to request a bill of particulars is moot as a result of our disposition of defendant's first assignment of error. Similarly, because defendant's contentions regarding defense counsel's failure to object to the prosecution's closing statement pertain to the R.C.2911.12(A)(2) conviction, his argument is moot. Accordingly, defendant's second assignment of error is rendered moot.
Defendant's third assignment of error contends prosecutorial misconduct denied him a fair trial and due process of law. Specifically, defendant contends the prosecution improperly placed defendant's character in issue by repeated attempts to determine whether defendant was homeless.
Whether defendant was homeless became an issue solely in connection with the R.C. 2911.12(A)(2) charge, because the prosecution wanted to demonstrate that defendant was not homeless, and thus did not enter Korting's home for shelter, but to commit a theft offense. Given our disposition of defendant's first assignment of error, his third assignment of error is rendered moot.
Having sustained in part and overruled in part defendant's first assignment of error, and rendering defendant's second and third assignments of error moot, we affirm in part and reverse in part the judgment of the trial court, and remand this matter to the trial court to enter judgment consistent with this opinion.
BOWMAN and BROWN, JJ., concur.