[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following a jury trial, defendant-appellant, Dawn Sherman, was convicted of two counts of burglary, one a violation of R.C. 2911.12(A)(3), a third-degree felony, and the other a violation of R.C. 2911.12(A)(4), a fourth-degree felony. Ordering the sentences to be served concurrently, the trial court imposed a one-year term for the third-degree felony and a six-month term for the fourth-degree felony. Bringing forth six assignments of error, Sherman now challenges her convictions and the sentences. For the following reasons, we affirm the judgment of the trial court.
In Sherman's first three assignments of error, which we consider together, she contends that the trial court erred by denying her Crim.R. 29 motion for acquittal, and that the convictions were based on insufficient evidence and were against the manifest weight of the evidence. We disagree.
In reviewing a sufficiency-of-the-evidence claim, an appellate court must examine the evidence presented at trial and determine whether that evidence, viewed in a light most favorable to the state, could have convinced any rational trier of fact that the defendant was guilty beyond a reasonable doubt.[1] Similarly, when reviewing a challenge to the trial court's denial of a Crim.R. 29 motion, an appellate court is required to determine whether the evidence "[w]as such that reasonable minds [could have] reach[ed] different conclusions" as to whether the state had proved each material element of the offense beyond a reasonable doubt.[2] On the other hand, when reviewing a weight-of-the-evidence question, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[3] Additionally, deference should be granted to the factfinder's resolution of any witness's credibility and to its assessment of the weight of the evidence.[4]
To convict Sherman of burglary pursuant to R.C. 2911.12(A)(3), the state had the burden of proving beyond a reasonable doubt that Sherman had entered, by force, stealth or deception, the victim's home without permission, with the purpose to commit a criminal offense, in this instance, theft. To convict Sherman of burglary pursuant to R.C.2911.12(A)(4), the state had to prove that Sherman had trespassed in the victim's home when it was likely that the victim would be present or was present. Sherman testified at trial that she had used a key to gain entrance to the victim's apartment. The victim testified, however, that Sherman did not have permission to enter her apartment and that she had not provided Sherman with a key, although Sherman had obtained limited, permissive access to a key on previous occasions. Sherman admitted to removing personal property belonging to the victim, including ammunition issued to the victim by the Cincinnati Police Division.[5] Sherman testified that she had taken these items to her home and then returned to the victim's apartment, parked on the street instead of in the driveway, and awaited the victim's arrival. Upon arriving home to find Sherman waiting for her in the dark, with only the television on, the victim demanded that Sherman leave, and Sherman refused to do so.
Construing the evidence in a light most favorable to the state, we conclude that there was sufficient evidence to prove all the elements of burglary beyond a reasonable doubt. We therefore reject Sherman's claim of insufficient evidence. Similarly, because we conclude that a rational trier of fact could have found that the elements were proven beyond a reasonable doubt, we reject the contention that the trial court erred in denying the Crim.R. 29(A) motion. Finally, after a thorough review of the record, we hold that, in weighing the evidence, the trier of fact did not lose its way and create a manifest miscarriage of justice. Accordingly, we overrule Sherman's contention that her convictions were against the manifest weight of the evidence.
In Sherman's fourth assignment of error, she maintains her convictions violated her right to due process of law, because the prosecutor argued facts not in evidence during closing argument. The test for prosecutorial misconduct is whether remarks were improper and, if so, whether they prejudicially affected substantial rights of the accused.[6] Since prosecutors are entitled to latitude as to what the evidence has shown and what inferences can reasonably be drawn from the evidence, we hold here that the prosecutor's remark during closing argument that Sherman may have either stolen the victim's apartment key or made a copy of the key was not improper. It was a reasonable inference, for the jury to weigh, from the victim's testimony that Sherman did not have permission to be in her home, and that, although she had not given Sherman a key to her apartment, Sherman had previously had access, on occasion, to a key. Accordingly, the fourth assignment of error is overruled.
In her fifth assignment of error, Sherman asserts that the lower court erred by retroactively applying the holding of State v. Fontes[7] in its instructions to the jury. This assignment is without merit, because this court has previously held that "the purpose to commit a criminal offense" under R.C. 2911.11 can be formed by the defendant at any time during a trespass.[8]
 Sherman's sixth assignment of error essentially contends that the sentences imposed by the trial court were contrary to law. Addressing first the court's imposition of a one-year sentence for third-degree burglary, we conclude, after reviewing the record, that the trial court complied with the purposes and principles of sentencing in imposing the minimum term for a third-degree felony.[9] The court balanced the findings that Sherman had absolutely no remorse for her actions and no comprehension that her actions were criminal, as well as that Sherman's personal and professional relationship with the victim had facilitated her acts, against the finding that Sherman had been a law-abiding citizen for a number of years and had no previous convictions, concluding that a prison term was necessary to comport with the principles of sentencing. The record clearly and convincingly supports these findings, and under the circumstances we cannot say that the sentence was contrary to law.
 But we conclude that the trial court's imposition of a six-month sentence for the fourth-degree burglary, though the minimum term, was contrary to law, as the court did not make the statutorily required findings. Before imposing a prison term for the commission of a fourth-degree felony, the trial court is required to make one of the enumerated findings in R.C. 2929.13(B)(1)(a) through (h) and to state the reasons for that particular finding pursuant to R.C. 2929.19(B)(1)(a). Further, the trial court must specifically find that the defendant is not amenable to community control.[10] Although the trial court here did not mark any of the relevant criteria on the felony sentencing worksheet for the imposition of a prison term for a fourth-degree felony, the court did mention one of the R.C. 2929.13(B)(1) findings at the sentencing hearing, stating that Sherman's position as a police officer with a higher rank than the victim had "subjected the victim to a certain level of pressure to submit to her request." But the trial court did not specifically find at the sentencing hearing that Sherman was not amenable to community control, as required by R.C. 2929.13(B)(2). Accordingly, the imposition of the six-month sentence was contrary to law. Ordinarily, we would remand this matter to the trial court for resentencing on the fourth-degree felony, but we find that no prejudice was visited upon Sherman, as the six-month sentence was to be served concurrently with the one-year sentence. Furthermore, it has been conceded that Sherman has already completed these sentences. For these reasons, we overrule Sherman's sixth assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Shannon, JJ.
Raymond E. Shannon, retried, from the First Appellate District, sitting by assignment.
[1] See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[2] See State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus.
[3] See State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717,720.
[4] See Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,461 N.E.2d 1273.
[5] Both Sherman and the victim were Cincinnati police officers.
[6] State v. Smith (1984), 14 Ohio St.3d 13, 14-15, 470 N.E.2d 883,885-886.
[7] State v. Fontes (2000), 87 Ohio St.3d 527, 721 N.E.2d 1037.
[8] State v. Allen (May 25, 1994), Hamilton App. Nos. C-930159 and C-930160, unreported.
[9] See R.C. 2929.13(C) and 2929.14(A)(3)
[10] See R.C. 2929.13(B)(2).