[Cite as *State v. Cook*, 2016-Ohio-4574.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 26809 |
| | : | |
| v. | : | Trial Court Case No. 15-CR-757 |
| | : | |
| SYLVANIUS COOK | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of June, 2016.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by KIRSTEN BRANDT, Atty. Reg. No. 0070162, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

DARRELL L. HECKMAN, Atty. Reg. No. 0002389, Harris, Meyer, Heckman & Denkewalter, LLC, One Monument Square, Suite 200, Urbana, Ohio 43078
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

        {¶ 1} Sylvanius Cook was convicted of one count of aggravated burglary, a first-degree felony, and two counts of assault, first-degree misdemanors, after a trial to the

court. He later was sentenced to a mandatory prison term of six years on the aggravated burglary and six months for each of the assault charges, to run concurrently with the felony prison sentence.

{¶ 2} Cook's assigned appellate counsel filed a motion for leave to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that "[c]ounsel has read the transcript and found there is no arguable basis for filing a brief for Appellant." (Motion, etc. at 1). The motion also contained an "*ANDERS* BRIEF," which included a statement of the case and a potential assignment of error. By order filed on January 28, 2016, we informed Cook of the *Anders* filing and advised him of both his right to file his own brief and the time limit for doing so. Cook has not filed anything, and the time for filing has expired.

**The facts and proceedings**

{¶ 3} On March 7, 2015, Sylvanius Cook began beating on the front door of the residence of his former girlfriend, Sherina Bunch, who was pregnant with his child. Cook had not lived at her residence since December 25, 2014 when he was escorted from the premises by police officers who were called after he kicked in the door on that occasion. At that time, the police allowed him to retrieve his clothing and belongings. Present in the house with Bunch on March 7, 2015 was her friend, and Cook's cousin, China Lipscomb. They did not let Cook inside. He kicked in the door and entered. He got into an argument with Lipscomb and choked her with both of his hands around her neck. Cook also kneed Bunch in the stomach, punched her in the mouth with his fist causing a cut inside her mouth, and choked her for three to four seconds. The argument then moved outside before Cook left in his vehicle. After the police arrived, Cook returned but then fled upon

seeing them.

{¶ 4} On April 9, 2015, Cook was indicted for one count of aggravated burglary in violation of R.C. 2911.11(A)(1) and two counts of assault, one each for Bunch and Lipscomb. He signed a jury waiver, which was filed on May 22, 2015. A bench trial was conducted on June 2, 2015. On June 10, 2015, the trial court found Cook guilty on all three counts. At a July 2, 2015 sentencing hearing, the trial court orally indicated that Cook would serve eight years in prison on the aggravated burglary concurrent with 180 days of incarceration on each of the assault charges. No entry was filed confirming this sentence. On July 29, 2015, the trial court sua sponte conducted a completely new re-sentencing hearing, including an oral victim-impact colloquy with Sherina Bunch, and allocution by the defendant and counsel. The trial court indicated it had considered the pre-sentence investigation, the purposes and principles of sentencing, the seriousness and recidivism factors in the Revised Code, and the requirements of R.C. 2929.13. It imposed a sentence of a six years of imprisonment on the aggravated-burglary charge concurrent with two sentences of 180 days of incarceration on the assault charges. The trial court properly advised Cook about restitution, costs, post-release control, and appellate rights. On August 4, 2015 a Termination Entry was filed incorporating this sentence.

## Potential assignments of error

{¶ 5} Although appellate counsel found no merit to the appeal, he identifies one potential assignment of error for our consideration. That potential argument is consistent with the argument defense counsel made at the time of the trial: although the evidence supported that Cook did break in and did assault Bunch and Lipscomb, the evidence did

not support that he broke in with the purpose to commit a criminal offense, and the criminal purpose, if any, developed after his entry.

{¶ 6}  The applicable statute, R.C. 2911.11, states:

(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:

(1) The offender inflicts, or attempts or threatens to inflict physical harm on another[.]

{¶ 7} We conclude, as counsel acknowledged, that the potential assignment of error lacks arguable merit. "Trespass" is defined in terms of the following: "No person, without privilege to do so, shall * * * [k]nowingly enter or remain on the land or premises of another [.]" R.C. 2911.21(A)(1). As for the mens-rea element of aggravated burglary, "a defendant may form the purpose to commit a criminal offense at any point during the course of a trespass." *State v. Fontes*, 87 Ohio St.3d 527, 721 N.E.2d 1037 (2000), syllabus. Therefore, the State must show that the offender "invaded the dwelling for the purpose of committing a crime or that he formed that intent during the trespass." *State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995, ¶ 33, citing *Fontes* at syllabus; *see also State v. Perry,* 2d Dist. Montgomery No. 26421, 2015-Ohio-2181, ¶ 27. Here, at all times, Cook's entry and presence in the house constituted a continuing trespass. Accordingly, an argument that he must have had the intent to commit a criminal

offense before he kicked in the door lacks arguable merit.

## *Anders* review

**{¶ 8}** Finally, we have performed our duty under *Anders* to conduct an independent review of the record. We thoroughly have reviewed the docket, the various filings, the trial transcript, and the sentencing disposition. We have found no non-frivolous issues for review. Accordingly, the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN, J., and FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck
Kirsten Brandt
Darrell L. Heckman
Sylvanius Cook
Hon. Richard Skelton