[Cite as *State v. Maxwell*, 2017-Ohio-1327.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2016 CA 0044 |
| DeWAYNE MAXWELL | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common Pleas, Case No.  16 CR 0030


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    April 7, 2017


APPEARANCES:

For Plaintiff-Appellee

BAMBI COUCH PAGE
PROSECUTING ATTORNEY
DANIEL M. ROGERS
ASSISTANT PROSECUTOR
38 South Park Street
Mansfield, Ohio  44902

For Defendant-Appellant

DALE M. MUSILLI
105 Sturges Avenue
Mansfield, Ohio  44903

*Wise, John, J.*

**{¶1}** Appellant DeWayne Maxwell appeals his conviction on one count of breaking and entering following a jury trial.

**{¶2}** Appellee is State of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶3}** On May 16, 2015 at approximately 2:00 a.m., Vector Alarm Company advised Mansfield Police Department (hereinafter "MPD") of a break-in at Crowes Shoes at 56 N. Main Street, Mansfield, Ohio, after someone set off the alarm there by unlocking and opening the front door. (T. at 140, 141, 207).

**{¶4}** Responding to the call were MPD Officers Gillis, Rietschlin, and Butler, who observed the window of the front door broken, the front door unlocked, and both sides of the front door covered in blood. (T. at 138-144, 154-159, 164-168). The officers also discovered a blood-soaked napkin on the sidewalk in front of Crowes Shoes and observed blood on the floor and around the lock inside of Crowes Shoes. *Id.* Officer Rietschlin photographed the scene, swabbed the blood from the broken glass, collected the blood-soaked napkin from the sidewalk, and submitted the swab and the blood-soaked napkin to the MPD Crime Lab for testing. (T. at 143, 156-160, 186, 187, 218).

**{¶5}** The officers contacted Jeffrey Deliandes, the owner of Crowes Shoes, who walked the officers through the store and advised them that nothing appeared to be missing or out of place. (T. at 208-212).

**{¶6}** On June 29, 2015, Dawn Fryback, a DNA expert with the MPD Crime Lab, issued a report regarding the swab of the blood from the broken glass. (T. at 175-177, 185-187, 200, 218). Ms. Fryback's report indicated that the profile from the blood on the

broken glass was similar to a previously obtained profile from Appellant DeWayne Maxwell. (T. at 188-190, 218). Ms. Fryback requested that MPD obtain a buccal swab or blood sample from Appellant to confirm the match. (T. at 169, 191, 218). Pursuant to Ms. Fryback's request, MPD Detective Bushong contacted Appellant, who denied breaking into Crowes Shoes, stated that there would be no reason for his DNA to be at the scene, and submitted a buccal swab. (T. at 168- 171). Detective Bushong submitted Appellant's buccal swab to the MPD Crime Lab. (T. at 171).

**{¶7}** On November 20, 2015, Dawn Fryback issued a report regarding her analysis of Appellant's buccal swab compared to the swab of the blood from the broken glass at Crowes Shoes, confirming Appellant as the source of the blood recovered from the broken glass "to a reasonable degree of scientific certainty." (T. at 191-193, 218). Ms. Fryback's report indicated that the odds of someone other than Appellant being the source of the blood on the broken glass were one (1) in 7.182 quintillion. *Id.*

**{¶8}** On January 14, 2016, a Richland County Grand Jury indicted Appellant on one count of Breaking and Entering, a fifth-degree felony pursuant to R.C. §2911.13(A), based upon Appellant breaking into Crowes Shoes on May 16, 2015.

**{¶9}** On June 13, 2016, Appellant's case proceeded to jury trial. During the trial, the State presented testimony from six (6) witnesses and introduced eight (8) exhibits. (T. at 2-4, 138-218). Appellant did not present any testimony or introduce any exhibits.

**{¶10}** On June 14, 2016, the jury found Appellant guilty of the sole count of the indictment-Breaking and Entering pursuant to R.C. §2911.13(A). (T. at 269-270).

**{¶11}** During the Sentencing Hearing, Appellant and his trial counsel requested leniency based upon Appellant's purported mental illness, with Appellant claiming no memory of breaking into Crowes Shoes. (T. at 272-274).

**{¶12}** The State requested a prison term based upon Appellant's extensive criminal history, which included prior convictions for Theft, Grand Theft of a Motor Vehicle, Unauthorized Use of Property, Aggravated Burglary, Aggravated Robbery, and Rape. (T. at 274-276). The State also requested that Appellant's remaining period of post-release control stemming out of his convictions for Aggravated Burglary, Aggravated Robbery, and Rape be converted into a prison term. (T. at 275-276).

**{¶13}** After hearing from Appellant, Appellant's trial counsel, and the State, the trial court sentenced Appellant to a prison term of twelve (12) months, converted Appellant's 773 days of post-release control into a prison term, and ordered those two (2) prison terms to be served consecutively. (T. at 276-277). The trial court also imposed three (3) years of discretionary post-release control and $476.01 in restitution. *Id.*

**{¶14}** Appellant now appeals, assigning the following errors for review:

### ASSIGNMENTS OF ERROR

**{¶15}** "I. THERE WAS INSUFFICIENT EVIDENCE WITH WHICH TO CONVICT APPELLANT OF BREAKING AND ENTERING IN VIOLATION OF 2911.03 ORC.

**{¶16}** "II. THE MANIFEST WEIGHT OF THE EVIDENCE DOES NOT SUPPORT THE CONVICTION."

### I., II.

**{¶17}** In his First and Second Assignments of Error, Appellant claims his conviction was against the sufficiency and manifest weight of the evidence. We disagree.

**{¶18}** On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St .3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983). *See also*, *State v. Thompkins,* 78 Ohio St.3d 380, 1997–Ohio–52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

**{¶19}** We note circumstantial evidence is that which can be "inferred from reasonably and justifiably connected facts." *State v. Fairbanks,* 32 Ohio St.2d 34 (1972), paragraph five of the syllabus. "[C]ircumstantial evidence may be more certain, satisfying and persuasive than direct evidence." *State v. Richey,* 64 Ohio St.3d 353, 1992–Ohio–44. It is to be given the same weight and deference as direct evidence. *Jenks, supra.*

**{¶20}** Appellant was convicted of breaking and entering in violation of R.C. §2911.13(A) which states: "No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony."

**{¶21}** Appellant argues that the only evidence linking him to the scene was blood found on the napkin outside on the sidewalk. However, a review of the testimony of Dawn Fryback shows she matched Appellant's DNA to the blood swabbed from the broken glass, not the bloody napkin. (T. at 154-159, 185-191, 218).

**{¶22}** As to the elements necessary to support a conviction in this case, the State presented evidence that Appellant trespassed by breaking the window, reaching inside, unlocking the door and opening the door, tripping the alarm. (T. at 142-146, 218). Photographs of the blood found around the door lock, the door and the floor were presented to the jury. *Id.* Additionally, the owner of the store, Jeff Deliandes, testified that the alarm only sounds if the front door is opened. (T. at 207).

**{¶23}** The police officers and Mr. Deliandes also testified that the store was unoccupied at the time Appellant broke in at 2:00 a.m. on Saturday morning.

**{¶24}** As the "purpose to commit therein any theft offense", Ohio Courts have found that the intent to commit a theft can be inferred from the fact of forcible entry, absent circumstances giving rise to a different inference. *State v. Roseberry,* 197 Ohio App.3d 256, 2011–Ohio–5921, 967 N.E.2d 233, ¶ 47 (8th Dist.), citing *State v. Flowers,* 16 Ohio App.3d 313, 315, 475 N.E.2d 790 (10th Dist.1984), *overruled on other grounds, State v. Fontes,* 87 Ohio St.3d 527, 721 N.E.2d 1037 (2000); *State v. Powers,* 8th Dist. Cuyahoga No. 86365, 2006–Ohio–2458, ¶ 23; *State v. Turner,* 8th Dist. No. 78630, 2001 Ohio App. LEXIS 3718 (Aug. 23, 2001). The state was not required to show that he actually stole something in order to convict him of breaking and entering under R.C. 2911.13(A). *State v. Russell,* 12th Dist. Butler No. CA2012–08–156, 2013–Ohio–3079, ¶ 38.

**{¶25}** Upon review, we find sufficient evidence was presented to support the conclusion that Appellant was the individual who broke into Crowes Shoes and find no manifest miscarriage of justice.

**{¶26}** Appellant's Assignments of Error are denied.

**{¶27}** Accordingly, the judgment of the Court of Common Pleas, Richland County, Ohio, is affirmed.

By: Wise, John, J.

Delaney, P. J., and

Wise, Earle, J. concur.

JWW/d 0321