THE STATE OF OHIO, APPELLEE, *v.* FONTES, APPELLANT.

[Cite as *State v. Fontes* (2000), 87 Ohio St.3d 527.]

(No. 99–23—Submitted October 12, 1999—Decided January 19, 2000.)

528

*R. Larry Schneider,* Union County Prosecuting Attorney, and *John C. Heinkel,* Assistant Prosecuting Attorney, for appellee.

*Scott Bratton,* for appellant.

DOUGLAS, J. The question certified by the court of appeals is whether "[p]ursuant to R.C. 2911.11(A), must the purpose to commit a criminal offense be formed at or before the time of trespass in an occupied structure or may it evolve during the course of the trespass?"

Appellant was charged and convicted of a violation of R.C. 2911.11(A)(1), which defines one of two ways that an offender can commit the offense of aggravated burglary. R.C. 2911.11 provides:

"(A) No person by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, *with purpose to commit in the structure * * * any criminal offense,* if any of the following apply:

"(1) The offender inflicts, or attempts or threatens to inflict physical harm on another." (Emphasis added.)

Appellant argues that the purpose element of R.C. 2911.11(A) clearly requires that the intent to commit a criminal offense in the occupied structure be formed at or before the time of trespass. We disagree.

In affirming appellant's conviction, the Union County Court of Appeals relied on this court's decision in *State v. Powell* (1991), 59 Ohio St.3d 62, 571 N.E.2d 125. In *Powell,* we held at paragraph one of the syllabus that "[t]he crime of aggravated burglary continues so long as the defendant remains in the structure being burglarized. (R.C. 2911.11 and 2911.21, construed.)" In so holding, we reasoned that "[t]he crime of aggravated burglary continues so long as the defendant remains in the structure being burglarized because the trespass of the defendant has not been completed." *Id.* at 63, 571 N.E.2d at 127.

In analogizing *Powell* to the matter herein, the court of appeals held that "a person who by force, stealth, or deception, trespasses in an occupied structure, is continuing a criminal trespass * * * so long as he is there without permission. * * * Thus, if during the course of this trespass a defendant forms the purpose to commit a felony offense, the crime of aggravated burglary is committed at that time. Because the 'purpose to commit * * * any criminal offense' element of R.C. 2911.11(A)(1) may be formed while the trespass is in progress, we find no error in the trial court's jury instruction to this effect."

Having carefully reviewed this matter and contrary to appellant's assertions, we find that the Union County Court of Appeals reached the proper resolution of this issue. Furthermore, we agree with the rationale espoused by the court of appeals wherein it found our decision in *State v. Powell* instructive.

Accordingly, we hold that for purposes of defining the offense of aggravated burglary pursuant to R.C. 2911.11, a defendant may form the purpose to commit a criminal offense at any point during the course of a trespass. Given the foregoing, it therefore follows that we are not persuaded by the judgments of the courts of appeals in *Waszily, Lewis,* and *Flowers, supra.* Thus, we respectfully reject those holdings in favor of the rule of law pronounced herein.

*Judgment affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.