United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 24, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-40955
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STAVROULA REES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(06-CR-130)

_____

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Stavroula Rees, a citizen of Greece, challenges the district court's application of a 16-level sentencing enhancement, arguing that her 2002 Ohio conviction for burglary was not a crime of violence under the Sentencing Guidelines. We vacate the sentence and remand for resentencing.

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Stavroula Rees pleaded guilty to one count of illegal reentry after deportation and having previously been convicted of an aggravated felony. The presentence report (PSR) assigned Rees a base offense level of eight. The PSR increased Rees' base offense level 16 levels under section 2L1.2(a) of the Guidelines because her deportation occurred following her 2002 Ohio conviction for burglary, a crime of violence. According to the PSR, Rees was also convicted in Ohio of two counts of burglary in 2003. After a three-level reduction for acceptance of responsibility, the PSR set Rees' total offense level at 21. That offense level, combined with a criminal history category of IV, yielded a recommended sentencing guidelines range of 57 to 71 months imprisonment.

Rees objected to the PSR, challenging the 16-level enhancement, and repeated her objection at sentencing. The district court overruled Rees' objection, finding that her prior convictions constituted crimes of violence, and sentenced Rees to 57 months imprisonment and a two-year term of supervised release. Rees timely appealed.

We review the district court's application of the Sentencing Guidelines de novo, and its findings of fact for clear error. *United States v. Vargas-Duran*, 356 F.3d 598, 602 (5th Cir. 2004) (en banc); *see also United States v. Villanueva*, 408 F.3d 193, 202, 203 n.9 (5th Cir. 2005) (holding that, post-*Booker*, this Court

continues to use same standards of review when considering district court's application of Guidelines).

## II. DISCUSSION

Rees argues that her prior Ohio burglary convictions do not qualify as crimes of violence under the Guidelines. Section 2L1.2(b)(a)(A)(ii) of the Guidelines provides for a 16-level increase to a defendant's base offense level if she was previously deported after being convicted of a crime of violence. The Application Notes define a "crime of violence" as (1) any of the specific enumerated offenses, which include "burglary of a dwelling," or (2) "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." § 2L1.2, comment.

"In determining whether a prior offense is equivalent to an enumerated offense that is not defined in the Guidelines, like 'burglary of a dwelling,'" we define "the enumerated offense according to its 'generic, contemporary meaning'" and rely "on a uniform definition, regardless of the labels employed by the various States' criminal codes." *United States v. Murillo-Lopez*, 444 F.3d 337, 339 (5th Cir. 2006). This Court uses a "common sense approach" to determine whether a defendant's prior conviction qualifies as "an enumerated offense as that offense is understood in its ordinary, contemporary, and common meaning." *Id.* "[T]he generic, contemporary meaning of burglary contains at least . . .

3

an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 600-02 (1990). "[B]urglary of a dwelling" also includes, at a minimum, tents or vessels used for human habitation." *Murillo-Lopez*, 444 F.3d at 345.

Rees was convicted of third-degree felony burglary of an occupied structure under the Ohio burglary statute. The Ohio statute's definition of "occupied structure" includes structures that are not dwellings, such as "any building, outbuilding, . . . railroad car, truck, trailer, . . . or other structure" if "[a]t the time, any person is present or likely to be present in it." OHIO REV. CODE § 2909.01(B)(7)(C). Therefore, as Rees contends, and as the government concedes, her prior state court convictions for burglary do not qualify as the enumerated offense of "burglary of a dwelling." *See United States v. Mendoza-Sanchez*, 456 F.3d 479, 482 (5th Cir. 2006)(finding that Arkansas statute defining burglary as entering or remaining unlawfully in "an occupiable structure of another person" included structures that were not dwellings, precludes qualifying as enumerated offense).

When determining whether an offense has as an element the use, attempted use, or threatened use of physical force against the person of another, this Court adopts the categorical approach and "examines the elements of the offense, rather than the facts underlying the conviction." *Mendoza-Sanchez*, 456 F.3d at 482. The

4

Ohio statute under which Rees was convicted does not have as an element the use, attempted use, or threatened use of physical force against the person of another. Indeed, a burglary under the Ohio statute can be committed against property, rather than a person. *See* § 2911.12(A)(3). As with the enumerated offense definition, the government concedes that Rees' convictions do not meet this alternative definition of a crime of violence.

Rees also challenges the constitutionality of section 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). As Rees concedes, this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), and was only raised here to preserve it for further review. *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005)("This court has repeatedly rejected arguments like [this] one . . . and has held that *Alemendarez-Torres* remains binding despite *Apprendi*.").

For the foregoing reasons, we VACATE Rees' sentence, and REMAND for resentencing.

5