# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-41192
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL MARTINEZ RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-432-1

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judge.

PER CURIAM:[*]

Miguel Martinez Ramirez ("Martinez") appeals the 75-month sentence imposed following his plea of guilty to one count of unlawful reentry in violation of 8 U.S.C. § 1326. Because we agree that the district court erred when it concluded that Martinez's prior Ohio offense of aggravated burglary was a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii), we vacate his sentence and remand for further proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review de novo the district court's conclusion that the prior offense was a crime of violence. *See United States v. Bonilla*, 524 F.3d 647, 651 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 904 (2009). An offense may be a crime of violence for purposes of § 2L1.2 either (1) because it constitutes one of certain enumerated offenses, such as burglary of a dwelling, or (2) because it has as an element the use, attempted use, or threatened use of force against the person of another. § 2L1.2, comment. (n.1(B)(iii)). We begin our analysis with the elements of the state statute, which proscribes trespassing "in an occupied structure or in a separately secured or occupied portion of an occupied structure," when a person other than an accomplice is present, with purpose to commit a criminal offense if, inter alia, the "offender inflicts, or attempts or threatens to inflict physical harm on another." OHIO REV. CODE ANN. § 2911.11(A)(1) (2001).

As the Government properly concedes, Ohio aggravated burglary does not constitute the enumerated offense of burglary of a dwelling because the term "occupied structure" encompasses structures other than structures used for human habitation. *See* OHIO REV. CODE § 2909.01(C)(1)-(4); *United States v. Bernal-Aveja*, 414 F.3d 625, 627-28 (6th Cir. 2005); *see also United States v. Castillo-Morales*, 507 F.3d 873, 875 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 1106 (2008) (setting out definition of burglary of a dwelling). The indictment and judgment in this case do not further illuminate the inquiry. *Cf. Castillo-Morales*, 507 F.3d at 875-76 (discussing use of certain adjudicative records to establish an element of a prior offense). Accordingly, the district court erred by concluding that Martinez's offense constituted the enumerated offense of burglary of a dwelling. *See Bernal-Aveja*, 414 F.3d at 627-28.

With respect to the residual force-based definition of "crime of violence," it is settled law in this circuit that the term "force" means violent or destructive force, which requires more than the infliction of bodily injury. *See United States v. Dominguez*, 479 F.3d 345, 348 (5th Cir.), *cert. denied*, 128 S. Ct. 61 (2007);

*United States v. Villegas-Hernandez*, 468 F.3d 874, 880-82 (5th Cir. 2006). As we have explained, there is a difference between causation of an injury and the use of physical force. *United States v. Vargas-Duran*, 356 F.3d 598, 606 (5th Cir. 2004) (en banc).

The Ohio statute includes as an element the infliction, attempted infliction, or threatened infliction, of "physical harm on another." OHIO REV. CODE ANN. § 2911.11 (2001). Physical harm is defined broadly under Ohio law as any injury, illness, or other physiological impairment, regardless of its gravity or duration. OHIO REV. CODE ANN. § 2901.01(C). Because such harm may be inflicted without the application of violent or destructive force, we conclude that aggravated burglary does not have as an element the use, attempted use, or threatened use of physical force against the person of another. *See Villegas-Hernandez*, 478 F.3d at 879. We once again reject the Government's suggestion that we employ the analysis of the force element set forth in *United States v. Shelton*, 325 F.3d 553 (5th Cir. 2003). *See Villegas-Hernandez*, 478 F.3d at 880-82 & n.7.

For the foregoing reasons, the sentence imposed by the district court is VACATED and this matter is REMANDED for further proceedings consistent with this opinion.