PRISCILLA RICHMAN OWEN, Circuit Judge:
Cesar Bernel-Aveja was convicted under 8 U.S.C. § 1326(a) and (b)(2) of illegal reentry after deportation and appeals his sentence. He contends that his prior 1996 Ohio conviction for burglary does not qualify as “burglary of a dwelling,” a specifically enumerated “crime of violence” under United States Sentencing Guideline § 2L1.2,[1] and therefore that the district court erred in applying a 12-level sentence enhancement. We vacate his sentence and remand for resentencing.
I
Bernel-Aveja pleaded guilty without a plea agreement to illegal reentry after de *208 portation subsequent to an aggravated felony conviction, which was a violation of 8 U.S.C. § 1326(a) and (b)(2). The presen-tence report (PSR) recommended a base offense level of 8 pursuant to Sentencing Guideline § 2L1.2(a), and a 12-level “crime of violence” enhancement pursuant to § 2L1.2(b)(l)(A)(ii), concluding that Ber-nel-Aveja’s 1996 Ohio conviction for third-degree burglary constituted a “crime of violence” for which Bernel-Aveja received no criminal history points. After applying a 3-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 17. With a recommended criminal history category of III, the PSR calculated Bernel-Aveja’s advisory Guidelines sentencing range to be 30 to 37 months of imprisonment.
Bernel-Aveja filed written objections to the PSR’s designation of his prior conviction as a “crime of violence.” Pertinent to this appeal, Bernal argued that the Ohio offense did not qualify as the enumerated offense of “burglary of a dwelling” because Ohio permits conviction “even though the defendant forms the intent to commit a crime only after the trespass.”
Without specifically addressing Bernel-Aveja’s argument respecting the timing of intent for purposes of generic burglary, the district court applied the crime of violence enhancement and imposed a within-Guidelines sentence of 37 months of imprisonment, followed by a three-year term of supervised release. Bernel-Aveja has appealed.
II
The Sentencing Guidelines provision applicable to Bernal-Aveja’s conviction for illegal reentry after deportation was the version of § 2L1.2 in effect in June 2015, when he was sentenced. It directed that the offense level should be increased by 12 if the defendant was previously convicted of a felony described in subsection (b)(1)(A) that did not receive criminal history points under Chapter Four of the Guidelines.[2] A “crime of violence” was among the qualifying felony offenses described in that subsection,[3] and the definition of “crime of violence” included “burglary of a dwelling.” [4]
The sole issue in this appeal is whether the district court erred in concluding that Bernel-Aveja’s 1996 Ohio bur *209 glary conviction constituted “burglary of a dwelling,” within the meaning of § 2L1.2 of Guidelines in effect when he was sentenced.[5] “We review a district court’s interpretation and application of the guidelines de novo”[6] when, as here, there was an objection in the district court that preserved the issue for appeal.
The judgment of conviction regarding Bernel-Aveja’s 1996 offense establishes that he pleaded guilty to burglary in the third degree under Ohio Revised Code section 2911.12.[7] The Ohio legislature amended section 2911.12 after Bernel-Aveja committed the offense in 1996 but prior to the entry of his guilty pléa. However, that amendment is irrelevant to the questions before us, and both parties agree that we should consider the statute prior to its amendment. When Bernel-Aveja committed the 1996 offense, section 2911.12 provided in pertinent part:
(A) No person, by force, stealth, or deception, shall do any of the following:
(1) Trespass in an occupied structure ... with purpose to commit therein any theft offense or any felony;
(2) Trespass in a permanent or temporary habitation of any person when any person is present or likely to be present, -with purpose to commit in the habitation any misdemeanor that is not a theft offense;
(3)Trespass in a permanent or temporary habitation of any person when any person is present or likely to be present.
[[Image here]]
(C) Whoever violates this section is guilty of burglary. A violation of division (A)(1) is an aggravated felony of the second degree. A violation of division (A)(2) of this section is a felony of the third degree. A violation of division (A)(3) of this section is a felony of the fourth degree.[8]
Bernel-Aveja and the Goyemment agree that he was convicted under subsection (2) of section 2911.12 because the Ohio judgment of conviction reflected that his offense was a third degree felony. The term “trespass” obtains its meaning from Ohio’s criminal trespass statute, which provides: “(A) No person, without privilege to do so, shall do any of the following: (1) Knowingly enter or remain on the land or premises of another....”[9]
*210 After incorporating the elements of “criminal trespass” into section 2911.12, the Ohio burglary statute at issue provides:
(A) No person, by force, stealth, or deception, shall ...
(2) [without privilege to do so, knowingly enter or remain on the land or premises of another] in a permanent or temporary habitation of any person when any person is present or likely to be present, with purpose to commit in the habitation any misdemeanor that is not a theft offense.
Bernel-Aveja contends that “burglary of a dwelling,” as used in the. Guidelines, requires the defendant to have the intent to commit a crime when unlawfully, entering the dwelling. Because the Supreme Court of Ohio has construed language in another statute[10] that is virtually identical to the language at issue in section 2911.12 to mean that the intent to commit a crime may be formed at any time during the trespass,[11]- Bernel-Aveja contends that section 2911.12 is overly broad and criminalizes conduct that the generic offense of burglary does not. Therefore, he contends, his conviction was not for a “crime of violence” under § 2L1.2 of the Guidelines.
Ill
One of the Government’s arguments is that when Bernel-Aveja was convicted in 1996, the Ohio intermediate courts of appeals were divided on the issue of when a defendant must form the requisite intent under section 2911.12.[12] The Government submits that we should therefore rely on the law prevailing in 1996 in the Tenth District of Ohio, the district in which Bernel-Aveja was convicted. The Tenth District Court of Appeals,had held that “the intent with which a person forcibly trespasses in an occupied structure is that which he had in mind at the time of the entry, not one which he may have formed later.”[13] However, this authority—State v. Flowers—was expressly overruled by the Ohio Supreme Court in State v. Fontes.[14]
The Ohio Supreme Court’s decision in Fontes did not change the law; it construed an existing Ohio statute.' The Fontes decision resolved a conflict among Ohio intermediate appellate courts. As the Supreme Court of Ohio has explained, “[t]he general rule is that a.decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law.”[15] The elements of Bernel-Aveja’s offense are determined by consulting the statute, ’ as construed by the Supreme Court of Ohio.[16]
The Government’s position would also produce the ¿nomalous result that for con *211 victions pre-dating Fontes, the crime-of-violence enhancement would depend on which Ohio court was the court of conviction. A defendant that pleaded guilty in the Tenth District of Ohio before Fontes issued may receive the 12-level enhancement at issue in this case, while a defendant that pleaded guilty in an adjacent district would not.
In Fontes, the defendant was convicted of rape and aggravated burglary.[17] Though the facts were disputed, there was evidence that the defendant, who was acquainted with the victim, entered her unlocked apartment uninvited while the victim was sleeping under the influence of pain medication, and the defendant performed nonconsensual oral sex upon her.[18] The jury was instructed that the defendant “need not possess the purpose to commit a criminal offense prior to trespassing into an occupied structure but could form the purpose to commit a criminal offense while the trespass is in .progress.” [19] The Ohio Supreme Court upheld the conviction, holding that “a defendant may form the purpose to commit a criminal offense at any point during the course of a trespass.”[20] The Ohio Supreme Court has subsequently reiterated that “[o]ur cases make clear that, the state was required to show that [the defendant] invaded the dwelling for the purpose of committing a crime or that he formed that intent during the trespass.”[21]
Though Fontes and the subsequent Ohio Supreme Court decision concerned convictions under Ohio Revised Code section 2911.11,[22] it is undisputed that the holdings in those cases regarding the timing of intent apply to section 2912.12 as well because both statutes use the defined term of “trespass” and include similar intent elements.[23]
We must determine whether section 2911.12 is overly inclusive and does not come within the generic meaning of “burglary of a dwelling” since under that section, the intent to commit á crime may be formed during the trespass and not necessarily at the time of entry.
!Y
The Guidelines do not define the offense denominated in § 2L1.2 as “burglary of a dwelling.” We determine the elements of an offense enumerated *212 in a Guidelines provision that is not expressly defined by ascertaining its generic, contemporary meaning.[24] When we have determined the generic elements of an offense, we generally employ the “categorical”' approach to compare the elements of the state offense to the elements of the generic offense.[25] As the Supreme Court has often explained, “[u]nder this approach we look ‘not to the facts of the particular prior case/ but instead to whether ‘the state statute defining the crime of conviction’ categorically fits within the ‘generic’ federal definition of a corresponding” offense.[26] “Because we examine what the state conviction necessarily involved, not the facts underlying the case, we must presume that the. conviction ‘rested upon [nothing] more than the least of th[e] acts’ criminalized, and then determine whether even those acts are encompassed by the generic federal offense.”[27] However, this “is not an invitation to apply ‘legal imagination’ to the state offense; there must be ‘a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime.’ ”[28]
We held in United States v. Herrerar-Montes that the generic definition of burglary arrived upon by the Supreme Court in Taylor v. United States “requires that the defendant intend to commit a crime at the time of unlawful entry or remaining in.”[29] Our decision in HerrerarMontes, and our subsequent decision in United States v. Constante;[30] govern this case. The statutory subsections under consideration in Herrerar-Montes and Constante were not “remaining in” provisions,[31] while the Ohio statute under which Bernel-Aveja was convicted was a “remaining in” statute. Nevertheless, our statements in Herrerra-Montes and in Constante—which note that when a conviction is for burglary committed by unlawful entry, the intent to commit a crime on the premises must be formed by the time of entry—were not dicta and are binding on this court because they were essential to the holdings in those *213 cases.[32]
The Tennessee statutory provision under which the defendant in Herrerra-Montes had previously been convicted defined the offense of conviction as follows: “(a) A person commits burglary who, without the effective consent of the property owner ... (3) [e]nters a building and com-' mits or attempts to commit a felony, theft, or assault!...”[33] We held that because this provision did not require intent “to commit a crime at the time of unlawful entry or remaining in” the offense was not a crime of violence under § 2L1.2.[34] Though we did not expressly say so, the commission or attempted commission of “a felony, theft, or assault” constituted the “intent” aspect of the Tennessee offense, since intent must be formed at least by the time the person “commits or attempts to commit” one of the offenses enumerated in the Tennessee statute. The Herrera-Montes decision offered as a hypothetical example “teenagers who unlawfully enter a house only to party, and only later decide to commit a crime,” opining that they “are not common burglars” in such a scenario.[35] Because the Tennessee statute did not require intent to commit a crime to have been formed at the time of entry, this court vacated the sentence and remanded for resentencing.[36]
In Constante we held that a particular Texas burglary offense “is not a generic burglary under the Taylor definition because it does not contain an element of intent to commit a [crime] at the moment of entry.”[37] The Texas offense at issue was set forth in Texas Penal Code § 30.02(a)(3), which . criminalized “entering] a building or habitation and committing] or attempting] to commit a felony, theft, or an assault.”[38] We held that this offense was not a “violent felony” under the ACCA.[39]
In the present case, the elements of the Ohio offense for which Bernal-Aveja was convicted are found in two separate statutes.[40] The “remaining in” alternative to “entry” is partially set forth within the definition of “trespass,” found in section 2911.21(A).[41] These statutes do not appear to define two separate offenses, such that entering without privilege is necessarily a separate offense from remaining without privilege, and jury unanimity would be required as to whether unlawful entry or unlawful remaining in, or both, occurred.[42] *214 In any event, there is no indication in the record before us that Bernal-Aveja was convicted of unprivileged “remaining in” rather than unprivileged entry. Therefore, we must assume that Bernal-Aveja could have been convicted of unlawful entry, rather than unlawful “remaining in.”[43] Ohio law permits the factfinder to find that the defendant unlawfully entered a dwelling and thereafter formed the intent to commit a crime.[44] Therefore, based on the holding in Herrera-Montes, the Ohio offense is overly broad because it is hot congruent with generic burglary.
The fact that wé recognized in Herrera-Montes that the generic definition of burglary could have a “remaining in” alternative does not affect the actual holding in that case or its applicability to the present case. We said in Herrera-Montes that “Taylor requires that the defendant intend to commit a crime at the time of unlawful entry into or remaining in.”[45] We did not clearly indicate what we considéred the elements of a “remaining in” generic burglary to be. Conceivably, the offense of burglary by unlawfully “remaining in” may occur after unlawfully entering or after lawfully entering, A classic example of lawful entry but unlawful remaining in would be when a person enters a bank during regular hours then conceals himself with the intent to commit theft after the bank closes. As noted, our decision in Herrera-Montes is not clear as to how we would define a “remaining in” generic burglary offense, though there was a discussion in Herrera-Montes of “remaining in” statutes in a footnote and a reference to a discussion in Herrera-Montes’s companion case, Ortega-Gonzaga.[46] But even if we were to confine the definition of a “remaining in” generic burglary to situations in which entry was lawful and only the remaining in was unlawful, the Ohio statute at issue does not appear to require the factfinder to choose between two alternative .offenses of unlawful entry or lawful entry but unlawfully remaining in. For example, it appears that under the Ohio definition of trespass, some jurors could find that a person unlawfully entered while others could find he lawfully entered but unlawfully .remained on the premises. Similarly, unanimity as to when the intent to commit a crime while on the premises does not appear to be required under Ohio law.[47] Therefore, the Ohio offense for which Ber-nel-Aveja was convicted could have consisted of unlawful entry with the intent to commit a crime on the premises formed after that unlawful entry. This offense does not come within the “generic” definition of burglary as we articulated that definition in Herrera-Montes.
* * *
Accordingly, we. VACATE Bernel-Aveja’s sentence and REMAND for resentenc-ing.

. U.S. Sentencing Guidelines Manual § 2L1.2 (U.S. Sentencing Comm'n 2014).

. See U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (U.S. Sentencing Comm’n 2014), which provided:
(b) Specific Offense Characteristic
(1) Apply the Greatest:
If the defendant previously was deported, or unlawfully remained in the United States, after—
(A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, increase by 16 levels if the conviction receives criminal history points under Chapter Four or by 12 levels if the conviction does not receive criminal history points....

. See id.

. See id. cmt. l(B)(iii):
"Crime of violence” means any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

. Id. In two unpublished opinions, this court has held that other Ohio burglary provisions that prohibit trespass into an “occupied structure,” which is by statutory definition not limited to structures used for human habitation, see Ohio Rev. Code Ann. § 2909.01(C) (West 2006 & Supp. 2016), do not categorically qualify as burglary of a dwelling. See United States v. Ramirez, 344 Fed.Appx. 962, 963-64 (5th Cir. 2009) (per curiam) (vacating a sentence enhancement based on a prior conviction under Ohio Rev. Code Ann. § 2911.11(A)(1)); United States v. Rees, 233 Fed.Appx. 362, 363-64 (5th Cir. 2007) (per curiam) (vacating a sentence enhancement based on a prior conviction under Ohio Rev. Code Ann. § 2911.12(A)(3)). Bemel-Aveja’s statute of conviction lacks the "occupied structure” term and instead proscribes trespass of a “permanent or temporary habitation.” Bernel-Aveja does not argue that a "permanent or temporary habitation” applies to non-dwelling structures and is therefore broader than the "dwelling” element. Rather, he appears to concede the issue.

. United States v. Bonilla, 524 F.3d 647, 651-52 (5th Cir. 2008).

. Ohio Rev. Code Ann. § 2911.12 (West 1990) (amended July 1, 1996).

. Id.

. Ohio Rev. Code Ann. § 2911.21; see also State v. Clelland, 83 Ohio App.3d 474, 615 N.E.2d 276, 287 (1992) (explaining that the term “trespass” in section 2911.12 is defined in section 2811.21).

. See Ohio Rev. Code Ann. § 2911.11(A)(1).

. See State v. Fontes, 87 Ohio St.3d 527, 721 N.E.2d 1037, 1040 (2000) (construing Ohio Rev. Code Ann. § 2911.11(A)).

. See Clelland, 615 N.E.2d at 285-86 & n.3 (collecting cases); see also In re L.D., 63 Ohio Misc.2d 303, 626 N.E.2d 709, 709 (Ohio Ct. Com. Pi. 1993) (observing that Ohio courts are "inexplicably split in their resolution” of the timing-of-intent issue).

. State v. Flowers, 16 Ohio App.3d 313, 475 N.E.2d 790, 792 (1984).

. See Fontes, 721 N.E.2d at 1040 (holding that "it therefore follows that we are not persuaded by the judgment[ ] of the court[ ] of appeals in ... [State v.] Flowers").

'. Peerless Elec. Co. v. Bowers, 164 Ohio St. 209, 129 N.E.2d 467, 468 (1955) (per curiam).

. See, e.g., Johnson v. United States, 559 U.S. 133, 136-38, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010) (relying on a Florida Supreme Court decision which post-dated the conviction at issue to define the elements of a Florida offense); see also Mathis v. United States, — *211 U.S. —, 136 S.Ct. 2243, 2256, 195 L.Ed.2d 604 (2016); cf. Johnson v. Fankell, 520 U.S. 911, 916, 117 S.Ct 1800, 138 L.Ed.2d 108 (1997) ("Neither this Court nor any other federal tribunal has any authority to place a construction on a state statute different from the one rendered by the highest court of the State.”).

. Fontes, 721 N.E.2d at 1038.

. Id.

. Id. at 1039.

. Id. at 1040.

. State v. Gardner, 118 Ohio St.3d 420, 889 N.E,2d 995, 1002 (2008) (citing Fontes, 721 N.E.2d 1037).

. See Gardner, 889 N.E.2d at 998-99; Fontes, 721 N.E.2d at 1037.

. Compare Ohio Rev. Code Ann. § 2911.11(A) (West 2006) (“Ño person, by force, stealth, or deception, shall trespass in an occupied structure ..., when another person other than an accomplice of the offender is present, with purpose to commit in the structure ... any criminal offense....”) with Ohio Rev. Code Ann. § 2911.12(A)(2) (West 1990) ("No person, by force, stealth, or deception, shall ... (2) Trespass in a permanent or temporary habitation of any person when any person is present or likely to be present, with purpose to commit in the habitation any misdemeanor that is not a theft offense.”); see also State v. Evett, No. 14CA0008-M, 2015 WL 4069588, at *3 (Ohio Ct. App. July 6, 2015) (applying Fontes to a conviction under § 2911.12(A)(1)).

. See, e.g., United States v. Ortega-Gonzaga, 490 F.3d 393, 394 (5th Cir. 2007).

. See, e.g., United States v. Pascacio-Rodriguez, 749 F.3d 353, 358 (5th Cir. 2014).

. Moncrieffe v. Holder, — U.S. —, 133 S.Ct. 1678, 1684, 185 L.Ed.2d 727 (2013) (quoting Gonzales v. Duenas-Alvarez, 549 U.S. 183, 186, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007)); see also Mathis v. United States, — U.S. —, 136 S.Ct. 2243, 2248, 195 L.Ed.2d 604 (2016).

. Moncrieffe, 133 S.Ct. at 1684 (quoting Johnson v. United States, 559 U.S. 133, 137, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010)).

. Id. at 1684-85 (quoting Duenas-Alvarez, 549 U.S. at 193, 127 S.Ct. 815).

. 490 F.3d 390, 392 (5th Cir. 2007); see also United States v. Fambro, 526 F,3d 836, 850 (5th Cir. 2008) (noting in dicta in a case involving the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), that “[w]e have held that ‘Taylor requires that the defendant intend to commit a crime at the time of unlawful entry or remaining in’ ”) (quoting Herrera-Montes, 490 F.3d at 392); United States v. Constante, 544 F.3d 584, 586, 587 (5th Cir. 2008) (per curiam) (in a case arising under the ACCA, holding that conviction for "entering] a building or habitation and committing] or attempting] to commit a felony, theft, or an assault," under Tex. Penal Code Ann. § 30.02(a)(3), was not generic burglary because it did not contain the element of intent to commit a crime "at the moment of entry") (citing Herrera-Montes, 490 F.3d at 392).

. 544 F.3d at 586-87.

. See id. at 585 (addressing Tex. Penal Code Ann. § 30.02(a)(3)); Herrera-Montes, 490 F.3d at 391 (addressing Tenn. Code Ann. § 39-14-402(a)(3)).

. See United States v. Segura, 747 F.3d 323, 328 (5th Cir. 2014) ("A statement is dictum if it could have been deleted without seriously impairing the analytical foundations of the holding and being peripheral, may not have received the full and careful consideration of the court that uttered it. A statement is not dictum if it is necessary to the result or constitutes an explication of the governing rules of law,”) (internal quotation marks omitted) (quoting Int’l Truck & Engine Corp. v. Bray, 372 F.3d 717, 721 (5th Cir. 2004)).

. Tenn. Code Ann. § 39-14-402(a)(3).

. Herrera-Montes, 490 F.3d at 392.

. Id.

. Id.

. United States v. Constante, 544 F.3d 584, 587 (5th Cir. 2008) (per curiam).

. Id. at 585 (construing Tex. Penal Code Ann, § 30.02(a)(3)).

. Id. 587.

. Ohio Rev. Code Ann. § 2911.12 (West 1990) (amended July 1, 1996), and § 2911.21(A)(1).

. Id. § 2911.21(A)(1) ("No person, without privilege to do so, shall do any of the following: (1) [k]nowingly enter or remain on the land or premises of another.... ”).

. See Mathis v. United States, — U.S. —, 136 S.Ct. 2243, 2249, 195 L.Ed.2d 604 (2016) (explaining how to determine if a statute is divisible, which means that it sets forth more than one offense).

. See Moncrieffe v. Holder, — U.S. —, 133 S.Ct. 1678, 1684, 185 L.Ed.2d 727 (2013).

. See State v. Fontes, 87 Ohio St.3d 527, 721 N.E.2d 1037, 1040 (2000).

. United States v. Herrera-Montes, 490 F.3d 390, 392 (5th Cir. 2007),

. See Herrera-Montes, 490 F.3d at 392 n.1 (citing United States v. Ortega-Gonzaga, 490 F.3d 393, 396 & n.5 (5th Cir. 2007)).

.See Fontes, 721 N.E.2d at 1039, 1040 (approving a trial court’s instruction to a jury that "in order to be convicted of aggravated burglary, appellant need not possess the purpose to commit a criminal offense prior to trespassing into an occupied structure but could form the purpose to commit a criminal offense while the trespass is in progress”),