PATRICK E. HIGGINBOTHAM, Circuit Judge,
concurring:
I write separately to explain my views on two matters. First, the many opinions have produced several conflicting and remarkably distinct understandings of Supreme Court precedent. With respect, I find more complexity in these writings than is presented in the case. To my eyes, the overarching objective here is to *227 achieve equality in federal sentencing. To that end, when criminal records are considered in federal sentencing, and we look to state convictions, our effort is to assign the same values to the same criminal conduct. Hence, we must not accept labels of crimes — for example burglary — when often the offenses travelling out of that label vary greatly in the criminal conduct being punished.[1] Responding to this reality, the Supreme Court has defined a federal offense filter through which these state convictions must pass. For example, we do not wish to impose the same levels of punishment in a federal statute for a defendant engaged in shoplifting and a defendant engaged in the felony of burglary. Returning to these basic principles, I am confident the Court can, and will, in future cases move to an even more compelling analysis. In addition to the thoughtful dissent of Judge Dennis, the other writings strongly suggest we are on such a path. As we move forward, I join Judge Clement’s opinion as a stabilizing way station. For these reasons, I concur in Judge Clement’s opinion for the Court.
Regarding the rule of orderliness issue, Judge Smith’s dissent proposes that this Court set off on an unwise course that would inevitably lead to confusion on threshold questions about how to interpret precedent. Well-intentioned though it is, and with respect, I must register disagreement and a caution. To go forward and reduce the jurisprudence of stare decisis to a detailed code confected by ease-by-case determination of rules apart from our well-developed principles of stare decisis would serve disorder, not order.
Our “rule” of orderliness is simply that we are to apply stare decisis in determining whether an earlier panel opinion is controlling. It differs from that body of jurisprudence in one respect — a difference which captures the need for orderly process among three-judge panels — that is, one panel may not overrule another. A panel’s application of the stare decisis rule is always reviewable by an en banc proceeding, decisions inevitably interlaced with the merits of the issues. We have one other self-imposed constraint, that requiring pre-circulation of opinions that would create conflicts with other circuits. While largely hortatory, its disregard is equally reviewable by the en banc court. If the objectives here are to reduce the number of en banc courts, the path suggested is perverse. Another observation that Yogi did not make is that “if it ain’t broke, don’t fix it.”

. See United States v. Bernel-Aveja, 844 F.3d 206, 215 (5th Cir. 2016) (Higginbotham, J., concurring in the judgment).