# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50909

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

        Plaintiff - Appellee

v.

ANDRE TAYLOR, also known as Andre M. Taylor, also known as Miguel Andre Taylor, also known as Andre Miguel Taylor,

        Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CR-91-1

Before WIENER, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Andre Taylor contends that his sentence was wrongfully calculated because he was improperly classified as an armed career criminal under the Armed Career Criminal Act ("ACCA") based on his Ohio aggravated burglary convictions. He asserts that those convictions do not

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50909

qualify under the "generic" definition of burglary. We vacate Taylor's sentence and remand for resentencing.

## I.

## FACTS

On September 18, 2015, Taylor was convicted by a jury on two counts of being a felon in possession of a firearm.[1] His advisory guideline range is 324 to 405 months of imprisonment. Taylor was subject to an enhanced statutory minimum sentence of 15 years per count under the ACCA, in part, because of two 1988 convictions for aggravated burglary under Ohio law.[2]

---

[1] *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2).

[2] The Ohio statute in effect at the time of Taylor's convictions stated:

(A) No person, by force, stealth, or deception, shall trespass in an occupied structure, as defined by § 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony, when any of the following apply:

    (1) The offender inflicts, or attempts or threatens to inflict physical harm on another;

    (2) The offender has a deadly weapon or dangerous ordnance, as defined in section 2923.1 of the Revised Code, on or about his person or under his control;

    (3) The occupied structure involved is the permanent or temporary habitation of any person, in which at any time any person is present or likely to be present.

OHIO REV. CODE ANN. § 2911.11(A)(3) (West 1973).

The statutory definition of occupied structure reads:

[A]n 'occupied structure' is any house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies:

(A) Which is maintained as a permanent or temporary dwelling even though it is temporarily occupied, and whether or not any person is actually present;

(B) Which at the time is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present;

No. 15-50909

Taylor objected to the ACCA enhancement, arguing that his prior aggravated burglary convictions were not "violent felonies" under § 924(e)(1) because the Ohio statutory definition is broader than the "generic" definition of burglary.[3] He argued specifically that the statute was overbroad because it criminalized entry into non-buildings, for example, tents and watercraft. The government countered that the court should use the modified categorical approach and review the underlying documents which show that Taylor burglarized buildings. The district court overruled Taylor's objections and adopted the recommendation of the presentence investigation report. The court imposed concurrent 405-month terms of imprisonment on each count, followed by concurrent five-year terms of supervised release.  Taylor timely filed a notice of appeal.

## II.

### STANDARD OF REVIEW

We review a district court's interpretation of the Sentencing Guidelines de novo.[4] We employ a "categorical" approach to compare the elements of the state offense and the "generic" offense.[5] "Under this approach we look 'not to the facts of the particular prior case,' but instead to whether 'the state statute

---

(C) Which at the time is specifically adapted for the overnight accommodation of any person, whether or not any person is actually present;

(D) In which at the time any person is present or likely to be present.

OHIO REV. CODE ANN. § 2909.01 (West 1973).

[3] *See Taylor v. United States*, 495 U.S. 575, 599 (1990). Taylor renewed his objection at sentencing.

[4] *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

[5] *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).

3

No. 15-50909

defining the crime of conviction' categorically fits within the 'generic' federal definition of a corresponding" crime.[6]

### III.

### ANALYSIS

The Supreme Court has held that "generic burglary" has the following elements: "an unlawful entry into, or remaining in, a building or other structure, with intent to commit a crime."[7] Taylor asserts[8] that the Ohio aggravated burglary statute is broader than the "generic" definition of burglary because it criminalizes the entry into places in addition to buildings and other structures.

Similar to Taylor, the defendant in *Mathis v. United States* argued that the locational element of Iowa's burglary statute was broader than "generic" burglary because it prohibited trespass into occupied structures including "land, water, or air vehicle[s]."[9] The Supreme Court agreed and held that the Iowa burglary statute was broader than "generic" burglary and could not give rise to an enhancement under the ACCA.[10] The burglary statute at issue here

---

[6] *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (quoting *Gonzales v. Duenas–Alvarez*, 549 U.S. 183, 186 (2007)); *see also Mathis v. United States*, 136 S. Ct. 2243, 2248, (2016).

[7] *Taylor*, 495 U.S. at 598.

[8] Taylor also contends that the district court erred by applying the modified categorical approach to determine whether Ohio aggravated burglary constitutes "generic" burglary for the purposes of § 924(e) because the Ohio statute is not divisible. The government concedes that, in light of *Mathis,* the modified categorical approach used by the district court is now to be used only when a statute is divisible, and "the modified categorical approach was not the appropriate method for determining whether Taylor's convictions for Ohio aggravated burglary qualified as ACCA predicates." Thus, we do not address the argument that Taylor's convictions could be subject to the modified categorical approach. The government responds that, to the extent the district court erred in applying the modified categorical approach, it was harmless error because Taylor's prior convictions constitute "generic" burglary.

[9] *Mathis*, 136 S. Ct. at 2250, 2257; *see Taylor*, 495 U.S. at 598.

[10] *Mathis,* 136 S. Ct. at 2257.

No. 15-50909

is materially indistinguishable from the Iowa statute in *Mathis* as to the location element. Both statutes criminalize entry into places other than buildings and other structures.[11] Thus, the Ohio aggravated burglary charges may not be used to subject Taylor to an enhanced sentence as an armed career criminal under the ACCA.

## IV.

### CONCLUSION

We VACATE Taylor's sentence and REMAND for resentencing consistent with this opinion.

---

[11] In fact, the Court of Appeals of Ohio affirmed a conviction for aggravated burglary of a houseboat, demonstrating that the Ohio statute's location element is broader than "generic" burglary both facially and in practice. *State v. Jackson*, No. 102271, 2015 WL 6550676 (Ohio Ct. App. Oct. 29, 2015). Furthermore, after all of the briefs were filed in this case, another panel of this court issued an opinion in *United States v. Bernel-Aveja*, holding that the Ohio third degree burglary statute did not constitute "generic" burglary. 844 F.3d 206, 212-14 (5th Cir. 2016). The *Bernel-Aveja* panel focused on the intent element of burglary and found that because intent could be formed after the underlying trespass, the Ohio third degree burglary statute was broader than the "generic" definition of burglary. *Id.* Even though *Bernel-Aveja* dealt with a different statute than the aggravated burglary statute at issue here, the panel relied on an Ohio Supreme Court case interpreting the aggravated burglary statute, which held that intent could be formed while the trespass was in progress. *Id.* (citing *State v. Fontes*, 721 N.E.2d 1037, 1039-40 (Ohio 2000)). Taylor did not argue that the statute was overbroad based on the intent requirement, but the government submitted a Rule 28j letter acknowledging this new opinion, and it appears the government now concedes that, based on *Bernel-Aveja*, the Ohio aggravated burglary statute is broader than "generic" burglary.