# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10084

United States Court of Appeals
Fifth Circuit

**FILED**
April 27, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

EDUARDO PRIMITIVO HERNANDEZ-SAENZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-243-1

Before OWEN, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:*

In this sentencing appeal, Eduardo Primitivo Hernandez-Saenz contests a 16-level enhancement under the 2013 Sentencing Guidelines for a prior burglary conviction in Texas, an offense the district court deemed a "crime of violence" under § 2L1.2(b)(1)(A)(ii). At the time of sentencing, the court's view was correct. But intervening law has buoyed Hernandez's objections to the enhancement (though his specific points, like the law, have evolved during the course of this appeal).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10084

Applying the law applicable today, rather than the law on the books when Hernandez was sentenced, we conclude the district court plainly erred by imposing the 16-level enhancement. Accordingly, we VACATE and REMAND for resentencing.

## I. BACKGROUND

### A. Hernandez's Sentencing

Hernandez pleaded guilty to one count of illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). In developing a recommended sentencing range for Hernandez's offense, the presentence report (PSR) relied on the 2013 Sentencing Guidelines. The PSR assigned a base offense level of eight under § 2L1.2(a). It then recommended a 16-level "crime of violence" enhancement under § 2L1.2(b)(1)(A)(ii)[1] based on Hernandez's prior conviction for burglary of a habitation under Texas Penal Code § 30.02(a)(1). After a three-level reduction for acceptance of responsibility, Hernandez's total offense level was 21. With a criminal history category of VI, his PSR-recommended Guidelines range was 77 to 96 months.

Hernandez objected to the 16-level enhancement, insisting that Penal Code § 30.02 is not a generic burglary and therefore not a crime of violence under § 2L1.2.[2] He asserted that § 30.02 is broader than "burglary of a

---

[1] The 2013 Federal Sentencing Guidelines provided for such an enhancement if the defendant previously was removed after being convicted of a crime of violence. U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(A)(ii) (U.S. SENTENCING COMM'N 2013) [U.S.S.G.]. A crime of violence, as defined in the commentary, included the enumerated offense of "burglary of a dwelling." § 2L1.2 cmt. n.1(B)(iii). Effective November 1, 2016, the Sentencing Commission amended § 2L1.2 so that it no longer includes such a 16-level enhancement based on a prior removal after a felony conviction of a crime of violence. *See* U.S.S.G. App. C, amend. 802. This amendment was not retroactive and thus does not affect Hernandez's sentencing under the 2013 Guidelines. *See id.*

[2] Since "burglary of a dwelling" is undefined in the Guidelines, we interpret it to encompass only "the elements contained in the generic, contemporary meaning of that offense." *United States v. Howell*, 838 F.3d 489, 494 (5th Cir. 2016). Hence the frequent references by the parties and this court to "generic burglary."

2

No. 16-10084

dwelling" because it encompasses unlawfully entering certain vehicles and certain structures attached or appurtenant to a vehicle.[3]

At the sentencing hearing, the district court overruled Hernandez's objections. The court then sentenced Hernandez to 77 months imprisonment, which fell within the revised Guidelines range of 70 to 87 months.[4] Hernandez timely appealed.

## B.     The Evolution of Hernandez's Appeal

The legal landscape has transformed in the two years since Hernandez filed his notice of appeal in January 2016.

That June, the Supreme Court decided *Mathis v. United States*, concerning which prior state convictions count toward enhanced federal sentences.[5] *Mathis*, in turn, prompted supplemental briefing in this case. We then stayed the case pending our panel decision in *United States v. Uribe*.[6] If that were not enough, after *Uribe* issued that October, we placed Hernandez's appeal in abeyance to await our en banc decision in *United States v. Herrold*,[7] decided in February 2018.

In his opening brief, Hernandez argued for the first time that Penal Code § 30.02 is indivisible—that it "contains but one offense"—and may be committed by entering without intent to commit a further crime, broadening the offense beyond generic burglary. Because of its indivisibility, he continued,

---

[3] Hernandez also objected to the PSR's conclusion that he was subject to a heightened, 20-year statutory maximum under 8 U.S.C. § 1326(b). He noted particularly that the indictment did not allege a requisite prior conviction. But he conceded that his argument was foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 239–47 (1998) and was raised solely for preservation purposes. The argument remains foreclosed.

[4] The Guidelines range was revised when the district court granted the Government's motion for a one-level downward departure under § 5K1.1 for cooperation.

[5] 136 S. Ct. 2243 (2016).

[6] 838 F.3d 667 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1359 (2017), *overruled by United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018).

[7] 883 F.3d 517 (5th Cir. 2018).

3

§ 30.02 is not subject to the modified categorical approach and is therefore irreconcilable with the concept of burglary as used to define a crime of violence in § 2L1.2(b)(1)(A)(ii).

Hernandez acknowledged that he had not raised "this portion of the argument" below. But he maintained that the district court plainly erred, in light of § 30.02's overbreadth, by treating his burglary conviction as a crime of violence for enhancement purposes. Hernandez recognized that his argument was foreclosed by our decision in *United States v. Conde-Castaneda*[8] and our then-controlling panel decision in *Herrold*.[9] He nevertheless raised the indivisibility issue to preserve it for further review, anticipating a favorable Supreme Court decision in *Mathis*. Hernandez also reargued that Penal Code § 30.02 does not qualify as generic burglary because it encompasses burglarizing vehicles adapted for overnight use.[10]

Before the Government responded to Hernandez's opening brief, the Supreme Court decided *Mathis*, clarifying, as Hernandez had hoped, that a statute is indivisible—and thus not amenable to modified categorical analysis—if it lists alternative means of an offense, rather than alternative elements.[11] In light of *Mathis*, we requested supplemental briefing, only to stay the proceedings pending our decision in *Uribe*. Several months later, we held in *Uribe* that, even post-*Mathis*, § 30.02(a) is divisible.[12]

The parties then filed post-*Mathis*, post-*Uribe* supplemental briefs. Hernandez conceded that his indivisibility argument remained foreclosed by

---

[8] 753 F.3d 172 (5th Cir. 2014).

[9] *United States v. Herrold*, 813 F.3d 595 (5th Cir. 2016), *cert. granted, judgment vacated,* 137 S. Ct. 310 (2016).

[10] Hernandez also again challenged his sentencing under § 1326(b)(2) but conceded that the issue remained foreclosed by *Almendarez-Torres*.

[11] 136 S. Ct. at 2252–54.

[12] *Uribe*, 838 F.3d at 669–71.

No. 16-10084

*Uribe*—nevertheless, he persisted. He also argued that *Mathis* did not preclude his challenge that § 30.02 is broader than generic burglary because it contemplates the burglary of both buildings and vehicles. The Government responded that Hernandez's arguments were foreclosed.

After receiving the post-*Mathis* and -*Uribe* briefing, we pushed pause once more, this time to await en banc guidance in *Herrold*. A few weeks ago, the full court spoke, overruling *Uribe*: Penal Code § 30.02(a)(1) and (a)(3) were indivisible. With *Herrold* decided, and in the interest of justice, we have expedited the process of resuming arguments where we left off.

## II. STANDARD OF REVIEW

Ordinarily, we review a district court's interpretation and application of the Guidelines de novo.[13] But "[w]hen a defendant objects to his sentence on grounds different from those raised on appeal, we review the new arguments raised on appeal for plain error only."[14]

Hernandez has asserted from the start that Penal Code § 30.02 is "not a generic burglary and hence, not a crime of violence under § 2L1.2." But he concedes that he raised for the first time on appeal his specific argument that § 30.02 is (1) indivisible and (2) overbroad for capturing unlawful entry without intent to commit a further crime. As to "that portion of the argument," Hernandez acknowledges the appropriate standard is plain-error review.

In other words, Hernandez argued below that § 30.02 is not a crime of violence, but he supplemented the legal reasoning behind that argument on appeal. So there is perhaps room for debate over whether we should review his overarching contention—that enhancement under § 2L1.2(b)(1)(A)(ii) was

---

[13] *See United States v. Calderon-Pena*, 383 F.3d 254, 256 (5th Cir. 2004) (en banc), *cert. denied*, 543 U.S. 1076 (2005).

[14] *United States v. Medina-Anicacio*, 325 F.3d 638, 643 (5th Cir. 2003).

No. 16-10084

improper—de novo or for plain error. But we need not linger over that unbriefed debate, as Hernandez succeeds even under plain-error review.

Under the plain-error standard articulated by Federal Rule of Criminal Procedure 52(b), a defendant must show (1) an error (2) that is "clear or obvious" (3) that "affected the defendant's substantial rights."[15] If the defendant satisfies these three prongs, "the court of appeals has the *discretion* to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings."[16]

## III. DISCUSSION

The pertinent law has morphed during Hernandez's appeal. In weighing his arguments, we apply the law as it stands today, not as it stood when he was sentenced.[17] And under today's precedent, the district court clearly erred in applying the 16-level enhancement under § 2L1.2(b)(1)(A)(ii).

While this appeal was in abeyance, we held en banc in *Herrold* that § 30.02(a)(1) and (a)(3) are indivisible and that the latter, specifically, stretches beyond generic burglary.[18] Therefore, neither § 30.02(a)(1) nor (a)(3) qualifies as generic burglary and, in turn, neither qualifies as a crime of violence within the meaning of § 2L1.2(b)(1)(A)(ii) of the 2013 Guidelines.[19] *Herrold* thus vindicates Hernandez's argument that his conviction for burglary of a habitation does not justify the 16-level enhancement. And while the sentencing

---

[15] *Puckett v. United States*, 556 U.S. 129, 135 (2009); *see* FED. R. CRIM. P. 52(b).

[16] *Puckett*, 556 U.S. at 135 (cleaned up).

[17] *United States v. Escalante-Reyes*, 689 F.3d 415, 423 (5th Cir. 2012) (en banc).

[18] 883 F.3d at 536–37.

[19] Although *Herrold* dealt with the meaning of generic burglary in the context of the Armed Career Criminal Act (ACCA), how we interpret terms in the ACCA informs how we interpret the Guidelines. *See, e.g., United States v. Bernel-Aveja*, 844 F.3d 206, 212–14 (5th Cir. 2016) (using cases interpreting burglary as used in the ACCA to define that term as used in the Guidelines).

court did not have the benefit of *Herrold* at the time, its application of the enhancement is "clear or obvious error."[20] Hernandez therefore satisfies the first and second prongs of plain-error review.

As for the third prong—whether the error "affected the defendant's substantial rights"[21]—we are guided by the Supreme Court's reasoning in *Molina-Martinez*:

> Nothing in the text of Rule 52(b), its rationale, or the Court's precedents supports a requirement that a defendant seeking appellate review of an unpreserved Guidelines error make some further showing of prejudice beyond the fact that the erroneous, and higher, Guidelines range set the wrong framework for the sentencing proceedings.[22]

And where "the record is silent as to what the district court might have done had it considered the correct Guidelines range, the court's reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights."[23] In fact, "[a]bsent unusual circumstances," a defendant challenging an erroneous Guidelines calculation "will not be required to show more" than the calculation error itself.[24]

Here, the district court used an incorrect Guidelines range. And nothing in the record suggests it intended to impose this sentence irrespective of that range. To the contrary, the judge noted at the sentencing hearing that, based on then-controlling Fifth Circuit law, Texas burglary was "still . . . a crime of violence, even after *Shepard* and after *Taylor*." He continued, "I think this is a valid enhancement under Fifth Circuit law. What the Supreme Court ultimately will do with it, it will take a Supreme Court case to decide that."

---

[20] *See Puckett*, 556 U.S. at 135.

[21] *Puckett*, 556 U.S. at 135.

[22] *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016).

[23] *Id.* at 1347.

[24] *Id.*

No. 16-10084

Moreover, even were the district court to determine on remand that Hernandez's burglary conviction qualifies as an "aggravated felony" for purposes of the eight-level enhancement under § 2L1.2(b)(1)(C), the Guidelines range would be 30 to 37 months. Contrast that with the range applied to Hernandez: 70 to 87 months. That is a roughly four-year differential. Given the district judge's close attention to the ever-developing law on Texas burglary and crimes of violence, the lack of any qualifying language regarding reliance on the Guidelines, and the significant disparity caused by the erroneous enhancement, Hernandez's substantial rights were affected by the district court's now-invalid interpretation of the 2013 Guidelines.

The fourth and final prong of plain-error review "asks whether the error affects 'the fairness, integrity, or public reputation of judicial proceedings' such that the appellate court should exercise its discretion to correct the error."[25] Whether to exercise our discretion under the fourth prong must be decided "on a case-specific and fact-intensive basis."[26] We do not apply "a blanket rule that once prejudice is found under the third plain error prong, the error invariably requires correction."[27] But we believe it is appropriate to exercise our discretion in this case.

One factor we have considered under the fourth prong is "the degree of the error" identified.[28] Hernandez was sentenced with reference to an erroneous range of 70 to 87 months. Without the 16-level enhancement for crimes of violence, and even were the district court to apply the eight-level enhancement for aggravated felonies, Hernandez's recommended range would be only 30 to 37 months, which, at this point, is time served. In the context of

---

[25] *Escalante-Reyes*, 689 F.3d at 425 (citing *Puckett*, 556 U.S. at 135).

[26] *Puckett*, 556 U.S. at 142.

[27] *Escalante-Reyes*, 689 F.3d at 425 (cleaned up).

[28] *United States v. Davis*, 602 F.3d 643, 651 (5th Cir. 2010) (citations omitted).

our plain-error jurisprudence, a sentencing disparity of 40 to 50 months is attention-grabbing.[29]

It is true, as the Government points out, that Hernandez's criminal record is, well, extensive. Several convictions involve, either directly or indirectly, threats to bodily injury. Hernandez has not contested these facts. But Hernandez also accepted guilt and subsequently cooperated with the Government. Indeed, the Government asked the district court to apply a downward departure for Hernandez's cooperation, and the court did so. In any event, we trust the district court will reconsider Hernandez's lengthy criminal history at resentencing.

In the end, "we are not satisfied that there is [sufficient] evidence in the record that shows that [Hernandez's] sentence is 'fair,' or that the 'integrity or public reputation' of the judicial proceeding was protected despite the erroneous consideration" of his burglary conviction as a crime of violence.[30] The district court rightly consulted the Guidelines, and then-applicable caselaw, to determine Hernandez's sentence. Yet perhaps the biggest lesson of the Supreme Court's decision in *Molina-Martinez* is that such reliance, when anchored in an erroneous calculation and unaccompanied by alternative reasoning from the sentencing court, is usually reason enough to remand.[31] Plus, we have held "that when a district court's error clearly affects a defendant's sentence, that error seriously affects the fairness, integrity, or

---

[29] *See, e.g., United States v. John*, 597 F.3d 263, 286 (5th Cir. 2010) ("our analysis of whether the sentencing error seriously affects the fairness, integrity, or public reputation of judicial proceedings is influenced by the fact that the sentence imposed is significantly (21 months) outside the advisory Guidelines range after applying the" correct calculation); *United States v. Price*, 516 F.3d 285, 289 (5th Cit. 2008) (finding discretion appropriate under the fourth prong in part because "a 92–month sentence is substantially lower than a 110–month sentence").

[30] *Escalante-Reyes*, 689 F.3d at 425.

[31] *See Molina-Martinez*, 136 S. Ct. at 1345–47.

public reputation of judicial proceedings, particularly when the disparity between the Guidelines' range applied by the district court and the correctly calculated range is significant."[32] This is such a case.

We opt for remand given the significant sentencing disparity caused by the calculation error, Hernandez's willingness to cooperate with the Government, the district court's intimate reliance on the Guidelines and related interpretive caselaw, and the absence of any indication "that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range."[33] These are measurable factors that allow us to assess the fourth prong of plain-error review without usurping the district court's sentencing authority.

It merits mention: Our decision to remand for resentencing does not reflect a second-guessing of the district judge's discretion, but rather reflects our conclusion that the factors noted above justify allowing the judge to re-evaluate Hernandez's sentence in the light of intervening law. "Absent remand, [Hernandez's] sentence will be imposed without the district court's consideration of a lower Guidelines range, even though the Supreme Court has said that district courts should consider the properly calculated Guidelines range as 'the starting point and the initial benchmark.'"[34] At resentencing, we leave to the district court's sound discretion whether Hernandez is subject to enhancement under other provisions or whether to rely on the advisory Guidelines at all.[35]

---

[32] *John*, 597 F.3d at 285–86 (collecting cases).

[33] *Molina-Martinez*, 136 S. Ct. at 1346.

[34] *John*, 597 F.3d at 286 (citations omitted).

[35] *See United States v. Calderon-Pena*, 383 F.3d 254, 262 (5th Cir. 2004) (en banc) (vacating a 16-level crime-of-violence enhancement and leaving it to the district court to determine on remand whether the defendant's prior conviction qualified for an eight-level enhancement under the "aggravated felony" provisions of § 2L1.2).

No. 16-10084

## IV. CONCLUSION

The plain-error hurdle may be high, but it is not insurmountable. We VACATE the district court's sentencing order and REMAND for resentencing consistent with this opinion.